# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### AISHA WIGGINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dyer County**
**No. 07CR541   R. Lee Moore, Jr., Judge**

---

### No. W2011-00670-CCA-R3-PC  - Filed January 11, 2012

---

The Petitioner, Aisha Wiggins, appeals the post-conviction court's dismissal of her petition for post-conviction relief.  We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Milly Worley, Dyersburg, Tennessee, for the Appellant, Aisha Wiggins

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and C. Phillip Bivens, District Attorney General for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On January 6, 2009, the Petitioner pled guilty to abuse of a child under the age of six. Following a sentencing hearing on March 17, 2009, the trial court sentenced her to ten years as a Range II persistent offender to be served on community corrections.  On April 20, 2010, the trial court revoked the Petitioner's sentence of community corrections and ordered her to serve the remainder of her sentence in confinement.  The Petitioner appealed the trial court's order but subsequently sought to dismiss the appeal.  On July 22, 2010, this Court entered an order granting the Petitioner's motion to voluntarily dismiss her appeal.

In December 2010, the Petitioner filed a pro se petition for post-conviction relief challenging her guilty plea based upon ineffective assistance of counsel.  On January 7, 2011,

this post-conviction court entered an order dismissing the petition as time-barred. Following the Petitioner's timely filing of a notice of appeal, the post-conviction court appointed counsel to represent the Petitioner on appeal before this Court. Appointed counsel now moves this Court, pursuant to Court of Criminal Appeals Rule 22, to withdraw from further representation based upon her conclusion that the instant appeal is frivolous under Anders v. California, 386 U.S. 738 (1967). The Petitioner did not respond to counsel's motion. We agree with counsel and hereby affirm the judgment of the post-conviction court in accordance with Court of Criminal Appeals Rule 20.

Under the Post-Conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court in which an appeal is taken, or if not appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). While the Petitioner filed her petition for post-conviction relief within one year of the date in which her appeal of the trial court's order revoking community corrections was dismissed, the allegations in her petition did not relate to the revocation proceedings. Rather, the Petitioner challenged the validity of her guilty plea and alleged ineffective assistance of counsel with regard to the plea. The Petitioner filed the post-conviction relief petition more than one year after the judgment of conviction was final.

Tennessee Code Annotated section 40-30-102(b) lists the exceptions to the statute of limitations as situations where (1) the highest state appellate court or the United States Supreme Court established a new constitutional right with retrospective application, (2) new scientific evidence has established the petitioner's innocence, or (3) a court has ruled that a previous conviction that enhanced the petitioner's sentence is invalid. A court may also consider an untimely petition if applying the statute of limitations would deny the petitioner due process. Burford v. State, 845 S.W.2d 204, 209-10 (Tenn. 1992). To determine if due process requires tolling of the statute of limitations, a court must:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). Due process requires a weighing of the petitioner's liberty interest against the state's interest in preventing the litigation of stale and fraudulent claims. Id.

The Petitioner maintains the statute of limitations should be tolled due to her lack of

understanding of the Post-Conviction Procedure Act. A petitioner's ignorance of the legal requirements, however, is not a basis upon which the statute of limitations may be tolled. See Emmanuel S. Trotter v. State, No. M2009-02146-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 464, at *10 (Tenn. Crim. App., at Nashville, June 16, 2011) (holding that "ignorance of the statute of limitations does not necessitate the tolling of the statute of limitations"); James L. Crawford v. State, No. E2010-00425-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 328, at *7 (Tenn. Crim. App., at Knoxville, May 9, 2011) (holding that "[m]ere ignorance of a factual or legal basis for seeking post-conviction relief does not require tolling of the statute of limitations"), perm. to appeal denied (Tenn. May 9, 2011). Because no exceptions apply that would toll the statute of limitations, the post-conviction court properly dismissed the Petitioner's post-conviction relief petition as time-barred.

For these reasons, the judgment of the post-conviction court is affirmed in accordance with the Court of Criminal Appeals Rule 20. Counsel's motion to withdraw is granted. The Petitioner is hereby notified that she may petition the Tennessee Supreme Court for review pursuant to Rule 11, Tennessee Rules of Appellate Procedure. Any application for permission to appeal must be filed within sixty days of this opinion. The Clerk shall forward a copy of this opinion to the Petitioner at her last known address.

_____
JOHN EVERETT WILLIAMS, JUDGE